UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| RICKY KAMDEN-OUAFFO | Case No. 4:15-cv-00129-BLW |
| --- | --- |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| IDAHOAN FOODS, LLC, | |
| Defendant. | |

# INTRODUCTION

The Court has before it Plaintiff's Motion for Additional Findings and for Amendments of Findings Pursuant to Rule 52(b) or Alternatively Rule 60(b) Motion for Reconsideration. The Motion is fully briefed and the Court finds these matters appropriate for decision without oral argument. For the reasons explained below, the Court will DENY the motion.

# BACKGROUND

Plaintiff Ricky Kamdem-Ouaffo ("Plaintiff") was employed by Defendant Idahoan Foods, LLC ("Defendant" or "Idahoan Foods" or "the Company") as a Senior Food Scientist from December 2012 until his termination on July 11, 2014. *See* Compl. ¶¶ 31, 49–51, Dkt. 1-1. On September 2, 2014, he filed a Charge of Discrimination with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity

**MEMORANDUM DECISION AND ORDER - 1**

Commission (EEOC), alleging that his termination was based on race and national origin discrimination. *Id.* ¶ 138.

The EEOC issued Plaintiff a "Notice of Right to Sue" in May 2015, and Plaintiff filed suit asserting claims for employment discrimination, wrongful termination, breach of contract, and infliction of emotional distress arising from his termination. Additionally, Plaintiff contended that Defendant's subsequent refusal to rehire him for other positions within the Company was unlawful retaliation in response to his complaints of race discrimination filed with the IHRC and EEOC. *Id.* ¶¶ 145–47.

On May 2, 2016, Defendant moved for summary judgment on all counts. *See Def.'s Br.* at 1, Dkt. 27. This Court granted Defendant's Motion for Summary Judgment and entered Judgment in favor of the Defendant on March 20, 2017. *See Mem. Decision and Order* at 1, Dkt. 33; *Judgment*, Dkt 34. Plaintiff then moved for this Court to reconsider the judgment.[1] *See Pl.'s Br.* at 1, Dkt. 38; *see also Pl.'s Reply* at 6, Dkt. 40.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post

---

[1] Plaintiff filed his original motion under Rule 52(b), which only applies when there is a jury verdict. *See* Fed. R. Civ. P. 52(b). As this action was decided on summary judgment, Court will construe Plaintiff's motion as one to alter or amend judgment under Rule 59(e) or, in the alternative, for relief from final judgment under Rule 60(b).

judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. This Rule must be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

## ANALYSIS

After reviewing the Order granting Defendant's Motion for Summary Judgment (Dkt. 30) and the parties' briefing on the issue, the Court finds that Plaintiff has not carried his burden under Rule 59(e) or Rule 60(b), and thus will deny his motion for reconsideration. Plaintiff's only argument in support of reconsideration is that the Court failed to properly consider evidence submitted by the Plaintiff in support of his Brief in Opposition to Summary Judgment. Specifically, Plaintiff contends that Exhibit 24, which purports to be a printout of his email spam box, is admissible evidence that creates a genuine issue of fact sufficient to preclude summary judgment. *See Pl.'s Br.* at 4, Dkt. 38.

In ruling in favor of Defendant's Motion for Summary Judgment, the Court properly declined to consider Exhibit 24 after determining that it was inadmissible. *See Mem. Decision and Order* at 23, Dkt. 33 (citing *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181–82 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."). The Court held that the document lacked any direct or circumstantial indices that it was what it purported to be: evidence of confirmation emails received after applying for open employment positions with Defendant's company. *Mem. Decision and Order* at 23, Dkt. 33. Thus, because the Plaintiff failed to lay a proper foundation or to authenticate the document, the Court found that it was inadmissible and did not rely on it in determining the existence of material issues of fact. *Id.* at 24.

In his Motion for Reconsideration, Plaintiff does not introduce any new evidence, previously unavailable or otherwise, to authenticate Exhibit 24. Nor does he point to any

**MEMORANDUM DECISION AND ORDER - 4**

change of law, or any legal authority suggesting that the Court erred in its determination that Exhibit 24 is inadmissible. Rather, he simply seeks to relitigate the issue of admissibility on the same facts and law previously before the Court. This is exactly the type of "second bite" which Rule 59(e) precludes. For that reason, the Court will deny Plaintiff's Motion for Reconsideration under Rule 59(e).

Plaintiff similarly fails to point to any appropriate grounds for reconsideration under Rule 60(b). He does not introduce any newly discovered evidence, nor does he allege that any fraud took place.[2] He points to no void or previously discharged judgment at issue in this case. Plaintiff has expressed concerns about opening the emails purportedly listed in Exhibit 24 due to a fear of viruses. Such unsubstantiated concerns, however, do not rise to the level of "extraordinary circumstances" justifying relief under Rule 60(b).

Nor has Plaintiff properly raised any allegation of mistake, surprise, or excusable neglect. To the extent Plaintiff was surprised by the Court's decision to not consider Exhibit 24, his surprise is not such that it merits reconsideration. The Court's decision rests on clearly established procedural and evidentiary. Further, in its Memorandum Decision the Court laid out the flaws that rendered Exhibit 24 inadmissible. The Court acknowledges that Plaintiff is appearing pro se, and thus any surprise regarding the application of these rules, or neglect in following them, may be due to his lack of

---

[2] To the extent Plaintiff argues that the Defendant misled him by failing to point out that Exhibit 24 was inadmissible, the Court finds that Defendant had no obligation to authenticate discovery produced by Plaintiff and submitted by him in support of his brief opposing summary judgment. Nor is there any evidence to support Plaintiff's contention that the parties stipulated to the authenticity of the document.

familiarity with the law. Rather than make this argument, however, or attempt to correct the deficiencies noted by the Court in is prior decision on the grounds of excusable neglect, Plaintiff simply argues the same facts and positions previously presented to the Court. For these reasons, the Court will deny Plaintiff's Motion for Reconsideration under Rule 60(b). Accordingly,

## ORDER

NOW THERFORE IT IS HEREBY ORDERED that Plaintiff's Motion (Dkt. 38) is **DENIED.**

DATED: February 12, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge