UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICKY KAMDEN-OUAFFO, <br><br> Plaintiff, <br><br> v. <br><br> IDAHOAN FOODS LLC, <br><br> Defendant. | Case No. 4:15-cv-00129-BLW <br><br> MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Plaintiff's Motion for Extension of Time to File an Appeal (Dkt. 46-1). For the reasons stated below, the Court will grant Plaintiff's Motion.

**BACKGROUND**

On March 20, 2017, this Court granted summary judgment and entered judgment in favor of the Defendant in this action. *Mar. 20, 2017 Mem. Decision and Order*, Dkt. 33; *Judgment*, Dkt. 34. Plaintiff timely filed a motion on April 13, 2017, which the Court construed as a motion to alter or amend judgment under Rule 59 or for relief from judgment under Rule 60. *Pl.'s Motion*, Dkt. 38. The Court denied the motion on February 12, 2018. *Feb. 12, 2018 Mem. Decision and Order*, Dkt. 44. The Clerk mailed the Feb. 12, 2018 Memorandum Decision and Order to the address listed for Plaintiff in the Notice of Electronic Filing (NEF), but the mailing was returned undelivered on February

16, 2018. *Third Return Mail*, Dkt. 45. Two previous mailings to the same address had also been returned undelivered *Return Mail*, Dkt. 41; *Second Return Mail*, Dkt. 43.

Plaintiff contacted the Court on March 14, 2018 seeking an update on his motion to reconsider, and learned that the motion had been denied. *See Motion to Extend*, Dkt, 46-1. That same day, Plaintiff mailed his Notice of Appeal, and attached a Motion to Extend Time to File an Appeal. *Notice of Appeal*, Dkt. 46; *Motion to Extend*, Dkt. 46-1. The Notice and Motion were filed two days later, on March 16, 2018. *Id.* Plaintiff's Notice of Appeal contained a directive to forward paper mail to a new address. *See Notice*, Dkt. 46.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 4 sets the time to file a notice of appeal as no later than thirty days after entry of final judgment. Fed. R. App. P. 4(a)(1)(A). Where a party has filed a timely motion under Rule 59 or Rule 60, the time to file an appeal runs for all parties from the entry of an order disposing of that motion. *Id*. 4(a)(4)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement" for which this Court lacks the authority to create equitable exceptions. *Bowles v. Russel*, 551 U.S. 205, 213 (2007). A district court may extend the time to file a notice of appeal, however, if a party so moves within thirty days after the deadline to file a notice of appeal, and the party demonstrates excusable neglect or good cause for the delay. Fed. R. App. P. 4(a)(5)(A).

Determining whether to extend the time to file a notice of appeal on the grounds of "excusable neglect" is subject to the discretion of the Court, after applying a four-part balancing test. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993)). The relevant factors to consider include "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id*. (citing *Pioneer*, 507 U.S. at 395). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

## ANALYSIS

The time to file an appeal in this case runs from the February 12, 2018 Order disposing of Plaintiff's motion to reconsider. *See* Fed. R. App. P. 4(a)(4)(A). Thus, the deadline for Plaintiff to file his notice of appeal was March 14, 2018, which he missed by two days. *See Notice*, Dkt. 46 (filed March 16, 2018). Plaintiff's motion to extend the time to file an appeal, however, was filed within thirty days of the March 14, 2018 deadline. *See Motion to Extend*, Dkt, 46-1 (filed March 16, 2018). Thus, the Court has

jurisdiction to extend the time to file an appeal up to thirty days, upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

Plaintiff offers no explanation for the delay other than that he "had not been informed that there was a final decision on the case." *See Motion to Extend*, Dkt, 46-1. That Order was mailed to Plaintiff at the address listed at that time in the Notice of Electronic Filing (NEF), however, and was returned undeliverable. *See* Third Return Mail, Dkt. 45. Plaintiff offers no explanation for why mail sent to him at the address he provided was returned undeliverable, and instead simply asks the Court to forward future paper mailings to a P.O. Box.

The Court will assume for these purposes, given the lack of evidence to the contrary, that Plaintiff could have avoided this situation by ensuring that the mailing address listed for him in the NEF was up to date and could receive mail. Even assuming, however, that Plaintiff did not receive notice of the Order due to circumstances under his control, such carelessness may be "excusable" under *Pioneer*. *Pioneer*, 507 U.S. at 392; *see also Pincay*, 389 F.3d 855-56 (finding that where the delay was small, there was no prejudice, and no bad faith, carelessness alone does not render neglect inexcusable). Indeed, after applying the *Pioneer* factors, "a delay might be excused even where the reasons for the delay are not particularly compelling." *Id* at 858. (quoting *United States v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998)).

Here, the delay at issue is a mere two days. The Court finds, therefore, that the delay was minor, and does not present any a significant impact on judicial proceedings.

Nor is there any evidence that the two-day delay at issue would cause any prejudice to the Defendant. Given his swift response upon discovering the deadline, the Court further finds that there is no evidence that Plaintiff acted other than in good faith in requesting the delay. Thus, even assuming the delay resulted from Plaintiff's carelessness, the Court finds that his neglect is excusable because there was no harm caused and he acted expeditiously to correct the mistake once it was discovered. Accordingly,

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time to File an Appeal (Dkt. 46-1) is GRANTED.

DATED: June 4, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge